**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MASTER TEXTILE MILLS, LTD., | : | |
| *Plaintiff,* | : | |
| v. | : | 2:25-cv-00515 |
| RSA GLOBAL LOGISTICS, LLC, | : | |
| *Defendant.* | : | |

**ORDER**

AND NOW, this 13th day of November, 2025, upon consideration of the Parties' cross motions for summary judgment (Dkt. #44 and #45), it is hereby ORDERED that the Motions are DENIED.[1]

A Pretrial Conference will be promptly scheduled by Chambers by way of separate order.

BY THE COURT:

GAIL A. WEILHEIMER J.

---

1 The Parties first filed cross motions for summary judgment on November 2, 2025, shortly before this Court's November 3, 2025 deadline for the filing of dispositive motions. On November 4, 2025, this Court struck all summary judgment filings, as the Parties failed to comply with a number of this Court's published procedures. (Dkt. #43). In that Order, this Court permitted the Parties to file a motion to reinstate their motions for summary judgment and gave the parties until November 8, 2025 to do so. (*Id.*). Time was granted to allow each Party to file a motion

to identify an excuse "which may justify or adequately explain its failure to comply" with the Court's rules. (*Id.* at n.1).

On November 8, 2025, each Party refiled their motions for summary judgment, which they presumably now believe complies with this Court's rules. But that is not what this Court permitted the parties to do. This Court did not give the parties a do-over or an extension of time to file dispositive motions. Rather, this Court invited only a motion to reinstate from each Party, explaining why this Court should excuse the Party's noncompliance. No such motions have been filed.

This case has been replete with concerning filings from Plaintiff's counsel and unresponsiveness from Defendant when they were proceeding pro se. Had this been the first time there was a procedural misstep. this Court would likely have granted a modest extension to clean up procedural failings. But here this Court addresses litigants who have repeatedly disregarded this Court's rules. Such leniency would convert this Court's rules into mere suggestions. The motions for summary judgment, therefore, are denied as untimely, and this Court will set this matter for a Pretrial Conference.

This Court writes further to specifically note some of Plaintiff's counsel's shortcomings. Plaintiff Master Textile again managed to violate this Court's Guidelines in its refiled Motion for Summary Judgment. Specifically, Plaintiff's Motion includes a unilateral statement of undisputed facts (Dkt. #45-2) despite this Court's *express* rule against such a statement. *See* Weilheimer Guidelines at § X(E)(1) ("But **no party shall unilaterally file a 'Statement of Undisputed Facts'** setting forth its interpretation of the record. All references to facts not included in the Joint Statement described above must be contained within the party's memorandum and cite to the record.") (emphasis added). The fact that the Parties agreed not to object to the other submitting their own statement (Dkt. #44-2 at 1) is irrelevant where that agreement is an agreement to ignore the Court's rules.

This Court is also confused by Master Textile's citation to Local Rule 56.1 as supporting its filing of a unilateral statement of undisputed facts. Local Rule 56.1. addresses only "Judgments pursuant to a Warrant of Attorney." This citation creates suspicion that counsel is relying heavily on generative artificial intelligence and not properly checking the citations it produces. Attorneys across the country have been sanctioned for that sort of behavior. Counsel is warned to ensure all citations in filings with the Court are accurate.

Master Textile also fails to comply with the Court's protocols regarding its exhibits. Firstly, most of its attachments are still not text searchable- a failing which was present in its initial Motion for Summary Judgment and which was *explicitly* flagged for the Parties. (*See* Dkt. #43 at n. 1) ("[T]his Court requires that 'All PDF documents filed must be text searchable.'") (citing Weilheimer Guidelines at § X(A)).

Further, Master Textile has entirely disregarded this Court's requirement that "[a]ll exhibits must be filed as a separately numbered attachment to the main document and must be clearly titled with an objective description of the document so that the nature of the exhibit and its relevance are clearly discernible without the need to open the file (e.g., 6/14/19 Deposition of John Doe)." Weilheimer Guidelines at § X(B). As filed, the exhibits found at Docket #45-4 through #45-15 are each named only "Exhibit."

This case will now proceed to trial, if it does not settle. This Court cautions the Parties that any further violations of this Court's procedures will result in this Court strongly considering sanctions.